IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

2018 FEB 26 P 3:58

STEFON J. HOLBROOK, #357956,

    Plaintiff,

v.

WARDEN DENISE GELSINGER, *et al.*,

    Defendants.

Case No.: GJH-17-146

## MEMORANDUM OPINION

Plaintiff Stefon J. Holbrook, an inmate formerly housed in administrative segregation at the Maryland Correctional Institution in Hagerstown ("MCIH"), brings this *pro se* action against Defendants MCIH Warden Denise Gelsinger, Correctional Officers Stephen Harbin and Randy Hart, and Correctional Case Manager Supervisor Corey Walker, under the Prison Rape Elimination Act, 34 U.S.C. § 30301 *et seq.* ("PREA," formerly cited as 42 U.S.C. § 15601), based on the Officers' alleged use of derogatory racial and sexual remarks.[1] *See* ECF Nos. 1, 3. Presently pending before the Court is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. ECF No. 15. Plaintiff has not provided a response, and no hearing is necessary.[2] Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion, construed as a Motion to Dismiss, is granted.

---

[1] According to the Department of Public Safety's Division of Corrections' Office of Data Processing, Holbrook is currently housed at the Jessup Correctional Institution.

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on June 22, 2017, the Clerk of Court informed Holbrook that Defendants had filed a dispositive motion; that he had seventeen days in which to file written oppositions to the motion; and that if Holbrook failed to respond, the claim against Defendants could be dismissed without further notice. ECF No. 16. Holbrook has not filed an opposition.

1

## I. BACKGROUND[3]

Plaintiff originally wrote the Court complaining that his rights under the PREA had been violated. ECF No. 1. In his Court-ordered Supplemental Complaint, Plaintiff alleges that he was interviewed by a PREA Investigator in 2016 but has "yet to hear any results." ECF No. 3 at 2.[4] It appears that Plaintiff attempted to use internal MCIH reporting processes to lodge a complaint against the Officers. Plaintiff alleges that, on several occasions, Hart and Harbin made sexually discriminatory remarks towards him, including calling him a "Black, Big Faggot," a "waste of a man" and an "abomination." *See* ECF No. 3 at 3. Plaintiff additionally claims that Hart has threatened to have inmates kill him because he was a "faggot" and that inmates threaten him with "lude sexual unconsentual [sic] acts" on a daily or weekly basis at the encouragement of the Officers. *See* ECF No. 3 at 2–3. Plaintiff also alleges that "[t]he Warden and other supervising employees neglect to entertain my complaints altogether." ECF No. 1 at 2. Plaintiff requests injunctive relief, asking to be moved to another prison with a protective custody unit, and to be awarded $400.00 a day in damages. ECF No. 3 at 3. In subsequent correspondence, Plaintiff asks that Case Management Supervisor Walker be added as a Defendant because he allegedly told Walker that he has been threatened by a number of inmates at MCIH and Walker told him "to deal with [his] problems or be removed from protective custody." ECF No. 9.

## II. STANDARD OF REVIEW

Because the Court only relies on the allegations set forth in Plaintiff's Complaint, and does not consider the exhibits attached to Defendants' motion, the Court will construe Defendants' motion as a Motion to Dismiss. *See* Fed. R. Civ. P. 12(d). The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's

---

[3] The facts are taken from Plaintiff's Complaint and assumed to be true.
[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss invoking Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Twombly*, 550 U.S. at 563. The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III. DISCUSSION

**A. Prison Rape Elimination Act**

Plaintiff brings the subject action under the PREA, which is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. However, inmates do not have a right to sue under the PREA. *See DeLonta v. Clarke*, No. 7:11-cv-00483, 2012 WL 4458648, *3 (W.D. Va. Sept. 11, 2012) ("Nothing in the PREA suggests that Congress intended to create a private right of action for inmates to sue prison officials for noncompliance with the Act"), aff'd sub nom, *De'Lonta v. Pruitt*, 548 F. App'x. 938 (4th Cir. 2013); *Guess v. Ozmint*, No. 9:08-3076-TLW-BM, 2009 WL 3255224, *9 (D. S.C. Oct. 7. 2009) ("[S]everal district courts have found that the [PREA] does not create a right of action that is

privately enforceable by an individual civil litigant.") (citations omitted). Therefore, Plaintiff may not bring a claim under the PREA.

## B. Constitutional Violations

Plaintiff does not explicitly bring a claim under 42 U.S.C. § 1983, but providing the Complaint a liberal construction, the Court considers the claim under the statute. Nonetheless, Plaintiff's Complaint also fails to adequately plead facts sufficient to warrant relief under § 1983 for deprivation of his constitutional rights under the Eighth Amendment.[5] *See Linlor v. Polson*, 263 F. Supp. 3d 613, 618–19 (E.D. Va. 2017) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers")). "[N]ot all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). Mere verbal abuse and taunting of inmates by guards, including aggravating language, does not state a constitutional claim. *See McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) ( "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 82 (10th Cir. 1979) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983")). Consequently, Holbrook's allegations that the Officers verbally harassed and threatened him on separate occasions are not enough to state a § 1983 claim. Such a claim only accrues when the threats or threatening conduct result in a

---

[5] In his Supplemental Complaint, Plaintiff alleges that the "retaliation continues." ECF No. 3 at 3. He provides no explanation of what retaliatory action occurred, however, nor does he explain what protected activity was targeted by the alleged retaliation. His bare and conclusory assertions of retaliation are readily distinguishable from inmate First Amendment retaliation claims recognized by the Fourth Circuit. *See Booker v. South Carolina Department of Corrections*, 855 F.3d 533, 545 (4th Cir. 2017). In *Booker*, the United States Court of Appeals for the Fourth Circuit ruled an inmate's "detailed factual allegations" concerning disciplinary charges brought against him after he threatened suit against a mailroom supervisor for tampering with his mail constituted a colorable retaliation claim. *Id.* at 540. Plaintiff's Complaint does not contain similar allegations and will only be construed as an alleged Eighth Amendment violation.

4

constitutional deprivation. *See Hudspeth v. Figgins*, 584 F.2d 1345 (4th Cir.1978) (allegations that a guard threatened to have an inmate killed were sufficient to state a § 1983 claim when threats were made to deny inmate's access to judicial relief); *Lamar v. Steele*, 698 F.2d 1286 (5th Cir. 1983) (same).

The Eighth Amendment also "protects a convicted inmate from physical harm at the hands of fellow inmates resulting from the deliberate or callous indifference of prison officials to specific known risks of such harm." *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). "Prison conditions may be 'restrictive and even harsh,' but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (citations omitted). However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also Rich v. Bruce*, 129 F.3d 336, 339–40 (4th Cir. 1997).

Because Plaintiff has been transferred from MCIH, his request for injunctive relief has been rendered moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Furthermore, Plaintiff does not allege that he experienced any physical harm from Defendants' conduct—at the hands of either Defendants or the Officers. The Prison Litigation Reform Act states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of

physical injury." 42 U.S.C. § 1997e(e). It is settled law that a prior physical injury is required for a prisoner to recover damages for any emotional and mental injury. *See Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997). Accordingly, Plaintiff fails to state a plausible claim for relief under the Eighth Amendment and his Complaint must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion, construed as a Motion to Dismiss, ECF No. 15, shall be granted. A separate Order follows.

Dated: February 26, 2018

GEORGE J. HAZEL
United States District Judge